## MORGAN v. WOLPERT et al.

GILBERT, J. 1. The holder of a note secured by deed to land sued the note to judgment, and reconveyed the land for the purpose of levy and sale. Thereafter the sheriff, having complied with all legal requirements, sold the land at "public outcry" to the aforesaid creditor, executed a sheriff's deed for the purpose of making title in the purchaser, and delivered the deed to the attorney who represented the creditor in procuring the judgment and causing the sale, "with instructions not to deliver it to Mrs. Wolpert [the purchaser] until all costs had been paid by her." At the same time the attorney signed and delivered to the sheriff a receipt as ' follows: "Received of E. E. Reagin, sheriff, the sum of four thousand, eight hundred and forty-eight & 13/100 dollars ($4,848.13), in the value of land to plaintiff by sheriff's deed and as a credit on fi. fa., after payment of all costs and expenses. This December 3, 1924. O. J. Coogler, Plaintiff's Atty." On the same day the sheriff made entry on the execution of the sale of the property to Mrs. Wolpert, she being the highest and best bidder, "the receipt of which is hereby acknowledged." *Held*, that the acts of the sheriff above stated amounted to an election by the sheriff to treat the sale as ' final, and preclude a resale under the Civil Code (1910), § 6071.

2. "A grantor can not deliver a deed to the grantee or his attorney as an escrow. Such a delivery would be equivalent to adding a parol condition to the instrument. To make the deed an escrow, it should be delivered to a third person, to be by him delivered to the grantee upon the performance of any required condition." *Duncan* v. *Pope*, 47 *Ga.* 445 (4), and cit.; and see *Anderson* v. *Goodwin*, 125 *Ga.* 663 (54 S. E. 679).

3. The ruling last stated is in accord with *Dixon* v. *Bristol Savings Bank*, 102 *Ga.* 461 (31 S. E. 96, 66 Am. St. R. 193). In that case the general rule stated above was recognized, but it was said that the agency implied in the ruling "is an agency in behalf of the grantee to obtain possession of the instrument" for the grantee. There is nothing in *Peacock* v. *Horne*, 159 *Ga.* 707 (126 S. E. 813), in conflict with what is here ruled. This case differs in several respects from *Georgia &c. Asso.* v. *Smith*, 163 *Ga.* 761 (137 S. E. 233), which dealt with an incomplete contract.

4. Under the facts shown, Mrs. Wolpert, the purchaser of the land at' sheriff's sale, was the owner of the land at the time of her death, and not the owner of the note formerly held, the amount of her bid having been accepted and receipted for as payment on the execution.

5. The defendant, Mrs. Morgan, claims title to the land on the ground that, under item 4 of the will, had the testatrix died holding the note and security deed these would have passed to the former; and that the land should take the place of the note and security. This claim does not treat the sheriff's sale as other than final.

6. "If the testator exchanges the property bequeathed for other of the like character, or merely changes the investment of a fund bequeathed, the

Appeal and Error, 4 C. J. p. 521, n. 76; p. 553, n. 35; p. 557, n. 49.
Escrows, 21 C. J. p. 873, n. 96; p. 874, n. 6; p. 877, n. 26.
Executions, 23 C. J. p. 804, n. 79 New; p. 807, n. 46.
Wills, 40 Cyc. p. 1919, n. 68; p. 1921, n. 80.

law deems the intention to be to substitute the one for the other, and the legacy shall not fail." Civil Code (1910), § 3909. The land held by absolute deed is not property of "like kind" with a note secured by a deed to the same land.

7. Under the facts shown in the record, the question of unauthorized purchase of land at sheriff's sale by an attorney for his client is not made. None of the parties seek to treat the purchase at sheriff's sale as void. On the contrary, all parties treat the bid for the property, as well as the sale and sheriff's deed, as valid. If there ever was any such question, the act of the attorney has been ratified.

8. The foregoing rulings control the case, and require an affirmance of the judgment.

9. No question is made in the record concerning the mental capacity of the testatrix to accept delivery of the deed, though discussed in the brief of counsel for plaintiff in error.

*Judgment affirmed. All the Justices concur.*

No. 5761. JUNE 20, 1927. REHEARING DENIED JULY 29, 1927.

Construction of will. Before Judge Humphries. Fulton superior court. October 28, 1926.

W. S. Wolpert and others, as heirs at law and legatees of Mrs. Dellie Wolpert, filed a petition for construction of her will, against Mrs. Nellie Morgan, alleged to be the only other heir at law and legatee, and a receiver nominally in possession of the property involved in the litigation. The prayer was that the will be so construed that the property described be decreed to be the common property of plaintiffs and Mrs. Nellie Morgan. Mrs. Morgan answered the petition. Item 4 of the will reads as follows: "I give, bequeath, and devise all my notes secured by mortgages or loan deeds, and all other unpaid notes and what money I may have at the time of my death, to my daughter, Mrs. Nellie Morgan, less one hundred dollars in cash, which I direct my executrix to give to my beloved daughter-in-law, Mrs. Nora Wolpert, as a mark of my love for her." All other essential facts requisite to a clear understanding of the question before this court are derivable from the following decree which was entered up by the trial court:

"The question before the court is the construction of the will of Mrs. Dellie Wolpert, deceased, submitted to the court on an agreed statement of facts, supplemented by oral testimony transcribed and approved and ordered filed as a part of the record in the case, under order dated October 26, 1926. William Wolpert, husband of Mrs. Dellie Wolpert, executed a will on the 29th day of April, 1907, under which his wife, Mrs. Dellie Wolpert, was

the sole legatee. On August 1, 1919, Mrs. Dellie Wolpert executed a will, under item 4 of which she bequeathed to her daughter, Mrs. Nellie Morgan, all notes secured by mortgages or loan deeds and all other unpaid notes and what money she might have at the time of her death, less $100 in cash to be paid to a daughter-in-law. William Wolpert died subsequent to the date of the execution of the will of Mrs. Dellie Wolpert. The wife qualified as executrix of his will, and sued to judgment a note held by William Wolpert against Mrs. Della A. McMichael and secured by loan deed from the maker of the note to William Wolpert. The executrix, plaintiff in said suit, filed and had recorded deed for levy and sale, and caused said property to be sold under execution issued upon said judgment by the sheriff of Clayton County, Georgia, on the 3d day of December, 1924, at which sale she became the purchaser of said property. A copy of the execution referred to, with all entries thereon, appears in the agreed statement of facts. The sheriff under said date makes entry of the sale of the property to Mrs. Dellie Wolpert, she being the highest and best bidder, 'the receipt of which sum is hereby acknowledged;' this deed dated December 3, 1924, and signed by the sheriff. The following receipt appears upon said execution: 'Received of E. E. Reagin, sheriff, the sum of four thousand eight hundred and forty-eight and 13/100 dollars ($4,848.13), in the value of land to plaintiff by sheriff's deed and as a credit on fi. fa. after payment of all costs and expenses. This December 3, 1924. O. J. Coogler, Plaintiff's Atty.' The sheriff made entry upon said execution of the appropriation to the payment of the costs and expenses itemized sums embracing these costs, which entry was signed by the sheriff. The clerk of the court signed receipt on said execution for the costs due him in this litigation. A deed was executed by the sheriff to Mrs. Dellie Wolpert under date of December 3, 1924, and was delivered by the sheriff on the same date to O. J. Coogler, attorney for Mrs. Dellie Wolpert, 'with instructions not to deliver it to Mrs. Wolpert until all costs had been paid by her.' Said attorney held said deed until April 14, 1925. In the meantime, on January 13, 1925, Mrs. Dellie Wolpert died, and pending litigation over her will a receiver was appointed to take possession of the property belonging to her estate. Said receiver petitioned the court for leave to pay the costs due the sheriff of Clayton County in the

matter of the litigation referred to, and the fee of Mr. Coogler, who had represented the deceased in said litigation, which permission was granted by an order of the court, and the deed from the sheriff to Mrs. Dellie Wolpert was delivered by Mr. Coogler to the receiver and thereafter recorded upon the records of deeds of Clayton County, wherein the land was situated. The land conveyed in the sheriff's deed to Mrs. Dellie Wolpert is now in the possession of the executrix of the will of Mrs. Dellie Wolpert, Mrs. Nellie Morgan, daughter of the deceased and legatee under her will, who claims that said land belongs to her under item 4 of the will of Mrs. Dellie Wolpert, deceased. The plaintiffs insist, however, that at the time of the death of Mrs. Dellie Wolpert she was the purchaser of said land at the sheriff's sale, and that her interest therein was neither a note nor money, but real estate by purchase, and did not pass to Mrs. Nellie Morgan under item 4 of said will. Item 4 of the will in question does not undertake, and could not have undertaken, to convey, as by special bequest, the property in question to Mrs. Nellie Morgan. The court is of the opinion that at the time of the death of Mrs. Dellie Wolpert she had the legal title to the property in question, deed thereto from the sheriff having been delivered to her attorney, and said attorney having credited the fi. fa. in question with the amount of her bid for said property, notwithstanding the physical possession of the deed had not been delivered to her personally. She did owe to the sheriff the amount of the costs under said proceedings; but having accepted receipt of the plaintiff's attorney for the amount of the bid, less the costs, and having executed deed in accordance with the sale and delivered same to the purchaser's attorney, and having accepted his receipt for the amount of the sale price of the land, the sale was complete, so far as the sheriff was concerned, and he could only look to the plaintiff for the payment of the costs. At any rate, whatever the rights of the sheriff, the court is of the opinion that at the time of the death of Mrs. Dellie Wolpert her interest in this land was a vested interest in real estate acquired by her by purchase at the sheriff's sale, and did not pass under item 4 of her will, which relates only to notes and money. Wherefore, construing the will of Mrs. Dellie Wolpert, deceased, it is considered, ordered, and adjudged by the court that the real estate referred to and particularly described in the

30

petition for the construction of said will was a vested interest in the deceased at the time of her death, and did not pass under item 4 of her will to. Mrs. Nellie Morgan. It is further adjudged that, in so far as said real estate is concerned, there was an intestacy under said will, and that said land will pass to the heirs at law of Mrs. Dollie Wolpert, deceased, according to the rules of inheritance."

Mrs. Morgan excepts and assigns error upon the ground that the above decree is contrary to the evidence and the law, contending that the legacy under said item 4 "had not been adeemed," and that the property covered by the sheriff's deed passed under said item to the plaintiff in error.

*McElreath & Scott,* for plaintiff in error.

*Savage & Crawford,* contra.