### 64493. LOCKWOOD, INC. v. CEDENO et al.

BIRDSONG, Judge.

The appellant Lockwood was sued for injuries allegedly received by the appellee Blanca Cedeno when she fell from a stairway attached to Lockwood's building. Lockwood's building is adjacent to and adjoining the area known as "Underground Atlanta." Lockwood sought summary judgment on the grounds that appellee's accident occurred on premises which Lockwood had deeded (and dedicated)

to the city of Atlanta for recreational and sightseeing purposes as a part of "Underground Atlanta Historical Park," and that therefore Lockwood is exempt from liability under Code Ann. § 105-403 et seq., which limits liability (except for wilful and wanton acts) of landowners who make their property available for public recreational purposes. Appellee Cedeno made a motion for summary judgment on essentially a denial of the same issues.

The trial court denied summary judgment to Lockwood and granted summary judgment to Cedeno, holding that: "The Plaintiffs paid an admission fee to enter the fenced area known as Underground Atlanta. This fenced area included the stairway where the fall occurred. The Defendant benefited from this charge, at least incidentally, because the charge was used for the beautification, securing and servicing of the Underground area. Therefore, Code Ann. § 105-403 provides no protection to Defendant. *Bourn v. Herring,* 225 Ga. 67 does not control here. In that case, no monetary charge was present and the question was whether a non-monetary benefit, free advertisement, would remove the protections of Code Ann. § 105-403. That case did not discuss incidental benefits from a monetary admission charge. *Stone Mountain Memorial Assoc. v. Herrington,* 225 Ga. 746 also does not apply. In that case the fee charged was a parking fee, not an admission fee. Pedestrians were not charged to enter the mountain park. In the instant case there is no question that the fee charged was for admission to the fenced area known as Underground Atlanta. Concerning ownership of the stairway, it is admitted by all parties that the stairway is within the legal description of the deed conveying property to the Defendant. There is no evidence of any conveyance of the stairway out of the Defendant. There is no evidence of any completed dedication, either express or by implication, of the stairway to the City of Atlanta or to any other public body. *Dunaway v. Windsor,* 197 Ga. 705." *Held:*

1. We reverse. The parties on appeal argue extensively the relative merits of Lockwood's alleged status as a landowner making his property available for public recreational use, and thus liable only for wilful or malicious acts, under Code Ann. § 105-403 et seq. But the evidence shows undisputedly that the city of Atlanta requested a quitclaim of Lockwood's "right of access [to its building] by way of [the] streets and sidewalks to your property" for its intended use in the development of a public park known as "Underground Atlanta." Lockwood complied and quitclaimed its property, expressly stating in the deed that it "does hereby relinquish, release and convey to the city of Atlanta *all rights of access* from my property via Kenney's Alley. . . ." (Emphasis supplied.) Lockwood received back a license to use such access for entry to its building. The stairway where Mrs.

Cedeno fell was enclosed in a fence erected around Kenney's Alley by the city of Atlanta to enclose the historical area. Although it did (by license to Lockwood) provide access to Lockwood's building, the stairwell was attached to a crosswalk or overhead sidewalk traversing Kenney's Alley and was a part of the common areas of the park with no apparent restriction upon its use by persons visiting the area for recreational purposes. In fact, this stairway is how the tourist descends from the overhead sidewalk. Mrs. Cedeno walked over the crosswalk or overhead sidewalk in pursuit of her recreational objectives and was descending the attached stairway when she fell.

The quitclaim deed effectively placed title to this property, as part of "all [Lockwood's] access from [its] property via Kenney's Alley," in the city of Atlanta. As between Lockwood and the city, the city's failure to record this deed (*Gibson v. Hough &c.,* 60 Ga. 588, 593; *Whittington v. Doe,* 9 Ga. 23), or its failure to do quite all it intended with regards to development of Underground Atlanta, does not affect Lockwood's transfer of title of this property to Atlanta for recreational purposes.

In short, the property where Mrs. Cedeno fell was not property of Lockwood but was property of the city of Atlanta, and a part of Underground Atlanta, although Lockwood had a license to use it as access to its building as did the public for recreational purposes.

2. Moreover, assuming arguendo that Lockwood's quitclaim had not been effective to pass unrestricted title to the city of Atlanta for Underground Atlanta, or if under any set of facts Lockwood could be deemed an "owner" under Code Ann. § 105-404 (b), the evidence shows without dispute that the stairway where Mrs. Cedeno fell was a part of the historical park area which Lockwood had every intention of ceding, and did cede, to the city of Atlanta for recreational purposes, and was land (Code Ann. § 105-404) which Lockwood made available to the public for recreational use; and the property was entered by Mrs. Cedeno for that purpose and was being so used by Mrs. Cedeno when she fell (Code Ann. § 105-405). Lockwood received no part of the 25-cent admission fee collected by Underground Atlanta.

Lockwood did not charge Mrs. Cedeno or any persons going onto the property (Code Ann. § 105-408). The charge collected by the owner for entry, which will remove the immunity given by Code Ann. § 105-403 et seq., simply designates the owner as one not "donating" his land for public recreation and therefore not entitled to the protection of Code Ann. § 105-403 et seq.

Appellant Lockwood was entitled to summary judgment as a matter of law, and the trial court erred in denying it. Appellee Cedeno was not entitled to summary judgment on grounds that Lockwood

owed her the duty of ordinary care as owner or occupier of the property.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 24, 1982 —
REHEARING DENIED OCTOBER 19, 1982 — 

*Meade Burns, Marjorie M. Rogers,* for appellant.
*Gilbert H. Deitch, Henry R. Bauer, Jr., Gerald B. Kline,* for appellees.