39336. CEDENO et al. v. LOCKWOOD, INC.

HILL, Chief Justice.

In 1975 the Atlanta City Council developed a plan to create a municipal park in the area known as Underground Atlanta. A fence was to be erected around the area and a nominal admission fee charged. The fee was to be used to maintain the park and related facilities. Certain municipal streets, sidewalks, alleys, and rights of way in Underground (hereinafter collectively identified as the "streets") were to be abandoned as a part of the municipal street system and the property dedicated to the public for a park. To prevent ownership of the streets from reverting to the abutting property owners when the streets were abandoned, each owner was asked to execute a quitclaim deed conveying any interest in the streets. Those deeds were to be held in escrow until quitclaim deeds were received from all property owners. Under the ordinance adopted March 17, 1975, authorizing the Council to take the necessary actions to effectuate the plan, the City Council was to adopt a resolution stating that all conditions necessary to abandonment (execution and receipt of all quitclaim deeds) had occurred, and abandoning the streets. Deeds were not received from some owners.

In 1977 the City began a second campaign to acquire the necessary deeds. It also erected the fence around the area and collected the 25-cent admission fee even though the park had not been created. Again some owners did not execute the deeds, and

eventually the City discontinued its efforts to create the park.

In September, 1979, Blanca Cedeno injured herself when she fell on a stairway adjacent to Lockwood's building in Underground. She and her husband filed this joint action against Lockwood seeking, respectively, lost earnings and damages for her injuries and for loss of consortium. They contend Mrs. Cedeno's fall was caused by Lockwood's negligence in not properly maintaining the stairway. Lockwood moved for summary judgment based on two defenses: (1) the stairway had been conveyed to the City, and Lockwood therefore is not responsible for its repair and maintenance; and (2) even if Lockwood owns and is responsible for the stairway, the Recreational Property Act (RPA), OCGA § 51-3-20 et seq. (Code Ann. § 105-403 et seq.), relieves it of liability. Plaintiffs moved for summary judgment that these defenses were invalid.

The trial court granted plaintiffs' motion for summary judgment finding the transfer of title to the City had not been completed. It also found that, because the Cedenos had paid an admission fee which indirectly benefited Lockwood, the RPA did not protect Lockwood.

The Court of Appeals reversed, finding that Lockwood's conveyance to the City was effective. It went further and found that, because Lockwood did not receive part of the admission fee, the RPA shields Lockwood from liability. *Lockwood, Inc. v. Cedeno,* 164 Ga. App. 34 (295 SE2d 753) (1982). We granted the Cedenos' petition for certiorari to consider the applicability of the RPA to the property in question. First, however, we must determine who owns the property included in the deeds to the City.

1. The stairway on which plaintiff fell is in an alley next to the Lockwood building. The parties agree that the area in which the stairway is located is included in the deed conveying the property to Lockwood. The stairway was built by Underground Atlanta, Inc., a former tenant of Lockwood. The second quitclaim executed by Lockwood included all rights Lockwood had in the alley extensions off of Kenney's Alley and all rights of access "from ground level to viaduct level." The stairway is located in the alley extension and is used as a means of access from the ground level to the viaduct level. The Lockwood deed included the stairway.

Lockwood contends the party holding the deed, the City's attorney, was an agent for the City and by giving possession of the deed to the grantee, through its agent, the deed was effectively delivered. *Morgan v. Wolpert,* 164 Ga. 462 (2) (139 SE 15) (1927); *Duncan v. Pope,* 47 Ga. 445 (4) (1872).

Here the parties did not intend the deed to be effectively delivered upon receipt. They intended that the conveyance be for the

purpose of creating a municipal park and that it not be effective until all quitclaim deeds were executed. The letter requesting Lockwood to execute the deed stated that the executed deeds would be "held in escrow" until all deeds were received. The deed in question recited as consideration "the establishment and creation of Underground Atlanta Historic Park" and specified that it was given and accepted pursuant to the ordinance adopted March 17, 1975. The intentions of the parties stated in the deed are dispositive of the effect of transfer of physical possession of a deed. The deed was delivered to the City's attorney to hold until the conditions could be met, but those conditions were not met. Further evidence that the parties did not intend the conveyance to be complete is the fact that Lockwood was asked to sign a second quitclaim deed to replace the first one. Had the conveyance been completed upon transfer of possession of the deed, it would have been completed with the first deed and the second deed would have been unnecessary. Because the conditions for transfer of title were not met, no conveyance was made. See *Morris v. Johnson,* 219 Ga. 81, 87-91 (132 SE2d 45) (1963); OCGA § 44-5-42 (Code Ann. § 29-105); see also City of Atlanta ordinance enacted March 17, 1975.[1] The fact that the City fenced the area and charged an admission fee does not overcome the intentions of the parties as to the conditions on which the City would become the owner of the streets. Lockwood is the owner of the stairway in issue.

2. We now focus on the applicability of the Recreational Property Act (RPA), OCGA § 51-3-20 et seq. (Code Ann. § 105-403 et seq.), to Lockwood. The purpose of the RPA is to encourage property owners to make their property available to the public for recreational purposes by limiting the owners' liability. OCGA § 51-3-20 (Code Ann. § 105-403). OCGA § 51-3-22 (Code Ann. § 105-405) provides "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes." As a prerequisite to immunity under the RPA, the owner cannot charge a fee for admission to the property. OCGA § 51-3-25 (Code Ann. § 105-408). However, the fact that no fee is charged does not assure applicability of the Act.

Lockwood asserts it had opened its property to the public for recreational purposes. It shows that people come to the Underground area for entertainment. It also shows that plaintiffs were sightseers

---

[1] It should be noted that the City of Atlanta is not a party to this suit. But see deposition of Associate City Attorney Richard A. Carothers.

and had taken pictures of the area. We disagree with Lockwood's assessment that such facts indicate "recreational purposes" as defined in the RPA. OCGA § 51-3-21 (4) (Code Ann. § 105-404).

Lockwood's building is located in an entertainment section of Atlanta. The property owners, including Lockwood, and their tenants make their property available to the public for entertainment purposes and anticipate the visitors will purchase the food, merchandise, or services available. They are in the *business* of entertainment or recreation. They provide scenic areas and comfortable facilities to attract the public to their businesses, not to *give* the public a place for recreation. The RPA is not applicable to Lockwood's stairway.

In reaching this conclusion we do not adopt the rationale of *Erickson v. Century Mgt. Co.*, 154 Ga. App. 508 (268 SE2d 779) (1980), which held the Act inapplicable on the basis that it applies only to large tracts of land or water. Applicability of the RPA does not hinge on the size of the tract involved. The important criterion is the purpose for which the public is permitted on the property. If the public is invited to further the business interests of the owner — e.g., for sales of food, merchandise, services, etc. — then the RPA will not shield the owner from liability even though the public receives some recreation as a side benefit.

Our determination that Lockwood is not protected by the RPA is not influenced by the fact plaintiffs paid an admission fee. Our decision would be the same if no fee was collected.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 5, 1983.

*Henry E. Bauer, Jr.,* for appellants.
*W. Meade Burns, Jr., Marjorie M. Rogers,* for appellee.