## S89A0014. RAYMER v. COBB COUNTY et al.
(385 SE2d 407)

HUNT, Justice.

This appeal concerns a dispute over title to property. Raymer executed warranty deeds to two parcels in Cobb County for a right-of-way for the Cobb East-West Connector. The deeds provided, inter alia: "If after two years from the date of this right-of-way deed, construction of the road has not been funded through this property, at the option of the owner, this right-of-way deed shall be null and void." Two years later, Raymer sent a letter to the county attorney giving notice that he revoked his dedication because construction of the right-of-way had not been funded. Several years later, the county

had the deeds recorded and executed a construction contract for the road across Raymer's property. Raymer brought this action against the county and county attorney seeking interlocutory relief and damages. He appeals from the trial court's grant of the defendants' motion for summary judgment and denial of his motion for summary judgment.

1. Raymer contends the trial court erred by granting the county's motion for summary judgment, and argues there was no effective conveyance of the deeds. In his letter to the county attorney enclosing the deeds, Raymer stated "I am delivering these right of way deeds to you in trust to be held and not delivered until such time as this project is fully approved and funded for the construction of this road through the property of Richard E. Raymer. . . ."

If conditions for transfer of title are not met, no conveyance is made. *Cedeno v. Lockwood, Inc.*, 250 Ga. 799, 801 (1) (301 SE2d 265) (1983). Here, however, there are numerous questions of fact including whether the deeds were delivered to the county attorney; whether the delivery of the deeds was conditional on full funding of the road within two years; whether the road was in fact funded within two years; whether Raymer ratified a transfer of his properties to the county or was otherwise estopped from denying a transfer or dedication to the county, and whether the deeds were void on Raymer's notice of revocation. Thus, the trial court erred by granting summary judgment to the county, but did not err by denying Raymer's motion for summary judgment.

2. The trial court properly granted summary judgment in favor of the county attorney as there is no evidence of any action by that party which would support a claim for Raymer's alleged damages under state or federal law.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED NOVEMBER 22, 1989.

*Johnson & Montgomery, Harmon W. Caldwell, Jr., Harry W. MacDougald,* for appellant.

*Sams, Glover & Gentry, Richard W. Calhoun,* for appellees.