## A90A1696. WELCH v. DOUGLAS COUNTY.
(404 SE2d 450)

POPE, Judge.

Plaintiff/appellant Thomas L. Welch, Sr., brought this suit against defendant/appellee Douglas County on behalf of his daughter, Michelle, who suffered an injury to her foot when she stepped on a nail in a board at a ball field owned by Douglas County. Based on the application of the Recreational Property Act, OCGA §§ 51-3-20 through 51-3-26, the trial court granted summary judgment to Douglas County and plaintiff brings this appeal.

1. "The purpose of the [Recreational Property Act] is to encourage property owners to make their property available to the public for recreational purposes by limiting the owners' liability. OCGA § 51-3-20. OCGA § 51-3-22 provides 'an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes.' As a prerequisite to immunity under the [Recreational Property Act], the owner cannot charge a fee for admission to the property. OCGA § 51-3-25." (Parenthetical citations omitted.) *Cedeno v. Lockwood, Inc.*, 250 Ga. 799, 801 (2) (301 SE2d 265) (1983). The Recreational Property Act applies to both private owners of land as well as public owners of land. *Stone Mountain Mem. Assn. v. Herrington*, 225 Ga. 746 (2) (171 SE2d 521) (1969).

The record shows that Douglas County made the property involved in this case available to a local civic association for use as a ball field by the public. No charge was made for use of the property. Plaintiff's daughter was injured while her family attended a baseball game in which her brother played. Douglas County clearly comes within the protection of the Recreational Property Act under these facts. However, plaintiff argues that Douglas County waived the protection of the Act on two grounds: 1) by providing workers to maintain the ball field by cutting the grass on a regular basis and cleaning up any debris the workers saw while on the site and 2) by purchasing liability insurance.

Plaintiff argues that Douglas County's act in undertaking maintenance of the property means that Douglas County voluntarily undertook the duty to keep the ball field safe and thus waived the protection of the Act. We do not agree. OCGA § 51-3-23 says in pertinent part "an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreational

purposes does not thereby: (1) Extend any assurance that the premises are safe for any purpose; (2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed. . . ." The only exception to the grant of immunity given by OCGA § 51-3-22 is contained in OCGA § 51-3-25 which specifies that an owner will be liable for "willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. . . ." Construing the Act as plaintiff would have us do would largely frustrate the purpose of the Act and would increase the danger to the public. Under plaintiff's construction, a landowner would enjoy immunity only if he essentially abandoned the property and did nothing to maintain it. Of course, if the owner followed that course he could well be liable for wilful and malicious failure to guard or warn against dangerous conditions pursuant to OCGA § 51-3-25. This construction obviously would not promote the stated purpose of the Act of encouraging landowners to make property available for recreational purposes. For these reasons, we hold that Douglas County's activities involving routine maintenance and clean-up of the ball field did not waive the immunity provided under the Act.

Nor are we persuaded that Douglas County waived protection of the Act by purchasing liability insurance. Plaintiff confuses sovereign immunity with the specific limitation of duty granted to any landowner, public or private, by the Recreational Property Act. Immunity under the Act is a result of the legislature's policy decision to limit the duty of a landowner providing property to the public for recreational use at no charge in exchange for increased recreational opportunities for the citizens of the State. The presence of insurance is irrelevant to application of the Act.

2. Plaintiff argues that there exists a genuine issue of material fact whether Douglas County acted in a wilful or malicious manner by failing to guard against or warn of the danger created by the presence of the board with the nail in it. "A wilful failure to guard or warn would require actual knowledge of the owner that its property is being used for recreational purposes; that a condition exists involving an unreasonable risk of death or serious bodily harm; that the condition is not apparent to those using the property; and that having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences. This test excludes either constructive knowledge or a duty to inspect." (Punctuation omitted.) *Georgia Marble Co. v. Warren*, 183 Ga. App. 866, 867 (1) (360 SE2d 286) (1987). The record is devoid of any evidence that Douglas County had actual knowledge of the hazard that caused the injury here. Consequently, summary judgment for Douglas County was proper.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 11, 1991 —
REHEARING DENIED MARCH 26, 1991 — 

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., R. Briggs Peery*, for appellant.

*Drew, Eckl & Farnham, Nena K. Puckett, Theodore Freeman*, for appellee.