A92A1126. EKARIKA v. CITY OF EAST POINT et al.

(420 SE2d 391)

MCMURRAY, Presiding Judge.

Ita Wilson Ekarika (plaintiff) instituted an action against the City of East Point ("East Point") and Officer Homer Peter Miller of the East Point Police Department, alleging that Officer Miller, acting

within the scope of his employment, negligently drove an East Point police car into plaintiff's vehicle.[1] East Point filed a motion for judgment on the pleadings, arguing OCGA § 36-33-3 bars plaintiff's respondeat superior claim. This Code section provides as follows: "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." Plaintiff cited OCGA § 33-24-51 (b), arguing that East Point waived immunity under OCGA § 36-33-3 to the extent of coverage under a motor vehicle liability insurance policy covering Officer Miller's alleged negligent acts.

The trial court granted the motion for judgment on the pleadings and entered, in pertinent part, the following order: "OCGA § 36-33-3 prohibits recovery against the City of East Point upon the *respondeat superior* theory, as the underlying tort was alleged to have been committed by a 'police officer engaged in the discharge of the duties imposed on (him) by law.' See OCGA § 36-33-3. This limitation of liability is not affected by the existence of liability coverage purchased by the City, and applicable to the tort alleged." The trial court certified this order for immediate review. This appeal followed the grant of plaintiff's application for interlocutory appeal. *Held*:

OCGA § 33-24-51 (b) provides, in pertinent part, as follows: "Whenever a municipal corporation, a county, or any other political subdivision of this state shall purchase [motor vehicle liability] insurance . . . to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased. Neither the municipal corporation, county, or political subdivision of this state nor the insuring company shall plead governmental immunity as a defense; and the municipal corporation, county, or political subdivision of this state or the insuring company may make only those defenses which could be made if the insured were a private person."

In the case sub judice, there is no dispute that East Point purchased motor vehicle liability insurance covering the alleged negligent acts of Officer Miller. However, East Point contends its immunity under OCGA § 36-33-3 is not waived to the extent of said insurance because OCGA § 36-33-3 is not a governmental immunity statute and is therefore not subject to the waiver of immunity provision of OCGA § 33-24-51 (b). In support of this position, East Point relies on *Welch*

---

[1] The complaint alleges that "Miller was negligent in that: (a) he failed to exercise the ordinary degree of care required of a driver of an automobile, *Luxenburg v. Aycock*, 41 Ga. App. 722 (1930); (b) he failed to yield the right-of-way when making a left turn, in violation of O.C.G.A. § 40-6-71; and, (c) he failed to sound his siren or flash his lights."

*v. Douglas County*, 199 Ga. App. 269 (404 SE2d 450), where it was held that the purchase of liability insurance did not constitute a waiver of the immunity provisions of the Recreational Property Act, OCGA § 51-3-20 through § 51-3-26.

In *Welch v. Douglas County*, supra, plaintiff sued Douglas County after stepping on a nail at a county ball field. Summary judgment was entered for the county based on liability limiting provisions of the Recreational Property Act. This Court held that the county did not waive protection under the Recreational Property Act by purchasing liability insurance, reasoning as follows: "Plaintiff confuses sovereign immunity with the specific limitation of duty granted to any landowner, public or private, by the Recreational Property Act. Immunity under the Act is a result of the legislature's policy decision to limit the duty of a landowner providing property to the public for recreational use at no charge in exchange for increased recreational opportunities for the citizens of the State." *Welch v. Douglas County*, 199 Ga. App. 269 (1), 270, supra.

The case sub judice is distinguishable from *Welch v. Douglas County*, supra. The Recreational Property Act is a general immunity statute, limiting liability of both public and private landowners. OCGA § 36-33-3 provides immunity only to governmental entities, i.e., municipal corporations. Consequently, OCGA § 36-33-3 is a governmental immunity statute and is subject to the waiver of immunity provision of OCGA § 33-24-51 (b). It follows that East Point may be vicariously liable to plaintiff for Officer Miller's alleged negligent acts up to the limits of its policy of motor vehicle liability insurance and that the trial court erred in granting East Point's motion for judgment on the pleadings. Compare *Peeples v. City of Atlanta*, 189 Ga. App. 888 (377 SE2d 889), where the dispute was over the City's liability for damages beyond insurance coverage.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 30, 1992.

*William J. Deangelis*, for appellant.

*Barnhart, O'Quinn & Williams, Steven D. Barnhart*, for appellees.