A92A0899. EDMONDSON et al. v. BROOKS COUNTY BOARD OF EDUCATION et al.

(423 SE2d 413)

BEASLEY, Judge.

The Edmondsons, as parents, guardians, and next friends of their minor daughter, Kimberly, sued the Brooks County Board of Education, members, and the superintendent of schools for damages due to injuries sustained by the child on a merry-go-round located on the Quitman Elementary School playground. The trial court granted summary judgment to the defendants on the basis of non-liability under the Recreational Property Act, OCGA § 51-3-20 et seq., citing *Welch v. Douglas County*, 199 Ga. App. 269 (404 SE2d 450) (1991). Concurrently, it denied the plaintiffs' cross-motion for summary judgment.

The Edmondsons contend that they, rather than defendants, were entitled to judgment as a matter of law because of defendant's superior knowledge of the conditions causing the injury and their knowledge that small children, like the injured child, were coming on the premises and using the playground equipment. They also maintain that the defendants failed to establish that the school property was subject to the Recreational Property Act because it was clear that the property in question was not intended to be open for public use. They further urge that the Board maintained an attractive nuisance.

We hold, as did the trial court, that the Recreational Property Act applied and that the undisputed facts compelled judgment in favor of defendants as a matter of law.

The purpose of the Recreational Property Act "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes." OCGA § 51-3-20. Governmentally-owned property qualifies. *Stone Mtn. Mem. Assn. v. Herrington*, 225 Ga. 746, 748 (2) (171 SE2d 521) (1969). *Welch*, supra, is a recent illustration of this.

The Act applies if the landowner does not charge a fee for admission and if the property is open to the public for recreational purposes. See *Cedeno v. Lockwood, Inc.*, 250 Ga. 799, 801 (2) (301 SE2d 265) (1983). "The important criterion is the purpose for which the public is permitted on the property." Id. at 802. The quid pro quo is that the "owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes." OCGA § 51-3-22. There is an exception to this immunity. OCGA § 51-3-25 (1) specifies that an owner is not relieved of liability "[f]or willful or malicious failure to guard or warn against a dangerous condition, use,

structure, or activity. . . ." See *Welch*, supra at 270 (1).

First, the undisputed evidence leads to the conclusion that the RPA was applicable to the property because the schoolyard and its playground equipment were made accessible to the public for play, a recreational purpose, during non-school hours and without fee.

Second, the undisputed facts, which are extracted from the evidence construed in favor of respondent-appellants, require the conclusion as a matter of law that there was no wilful or malicious failure to guard or warn of the condition and dangerousness of the merry-go-round. Appellants do not contend that there is any question of malice. The issue is resolved by a four-part test. " '(A) wilful failure to guard or warn would require actual knowledge of the owner that its property is being used for recreational purposes; that a condition exists involving an unreasonable risk of death or serious bodily harm; that the condition is not apparent to those using the property; and that having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences. This test excludes either constructive knowledge or a duty to inspect.' " *Georgia Marble Co. v. Warren*, 183 Ga. App. 866, 867 (1) (360 SE2d 286) (1987). "This knowledge" refers to the three previously listed facts of which the owner must have actual knowledge in order to be liable for "choos[ing] not to guard or warn. . . ."

Mr. Edmondson took 5 3/4-year-old kindergartner Kimberly and two other children to the playground. The children played on one of the two manually-operated merry-go-rounds until another child was injured on it because a board was missing. He told them to get off but did not instruct them not to use the other merry-go-round. He thought the children would recognize its obvious state of disrepair and not go on it. He also thought Kimberly "would have sense enough herself" not to get on it. In fact, he thought it would not even turn. Its axle was leaning so one part of the wheel was resting on the ground, and all the wooden floor slats were out. In her deposition, Kimberly never said she did not know she should not get on it.

Without Mr. Edmondson's knowledge, the children got the merry-go-round to turn, and Kimberly was injured when, while on it, she stuck her foot down between the framework and the ground where there was no flooring. She had seen such merry-go-rounds before but had never been on one prior to this occasion.

Defendants rely on the absence of the third prong of the test. That prong requires plaintiffs to show the defendants actually knew that the dangerous condition of the merry-go-round was not apparent to those using the playground. Plaintiffs' own evidence shows that the defective condition of the merry-go-round was known and appreciated by the injured child's attending father, and his opinion was that Kimberly was able to appreciate it also. Plaintiffs have produced no

evidence that she did not. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Thus, as in *Georgia Marble*, supra at 868, "the evidence is conclusive against [plaintiffs], who cannot show 'that the condition is not apparent to those using the property.'" Consequently, they could not show that defendants knew that the condition was not apparent, because it was.

Appellants' alternative theory of attractive nuisance does not apply. The concept of attractive nuisance arose to protect trespassing children, see *Gregory v. Johnson*, 249 Ga. 151, 153 (289 SE2d 232) (1982). The evidence in this case shows that the injured child was not a trespasser but rather a person who was permitted on the property but to whom only a limited duty of care was owed. See OCGA §§ 51-3-23 and 51-3-25.

The trial court did not err in granting summary judgment to defendants.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 1, 1992.

*Kitchens, Wolfson, Smith & Hannan, B. Miles Hannan*, for appellants.

*Young, Clyatt, Turner, Thagard & Hoffman, F. Thomas Young, Sherry S. Harrell*, for appellees.

