A99A0366. JULIAN v. CITY OF ROME.
(517 SE2d 79)

POPE, Presiding Judge.

J. M. Julian fell off his bike while riding through a muddy section of the "Heritage Riverway," a city-owned walkway in Rome maintained by the Floyd County Parks and Recreation Authority. The Riverway runs along the Oostanaula River from downtown Rome through Ridge Ferry Park behind the Floyd County Sara Hightower Regional Library and ends at a local museum. Julian's accident occurred near the library.

Julian sued the city for negligence, and the city moved for summary judgment on two grounds: 1) that the city could not be held liable under Georgia's Recreational Property Act ("RPA"), OCGA § 51-3-20 et seq.; and 2) that the record lacked evidence proving that the city actually or constructively knew the sidewalk was muddy. The trial court granted the city's motion, and Julian appeals. We affirm.

1. The RPA was passed "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes." OCGA § 51-3-20. Accordingly, the act provides that, except in certain limited situations, "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes." OCGA § 51-3-22. Thus, the RPA shields landowners from liability arising under a negligence cause of action. *South Gwinnett Athletic Assn. v. Nash*, 220 Ga. App. 116, 117 (1) (469 SE2d 276) (1996); *Maleare v. Peachtree City Church of Christ*, 213 Ga. App. 593, 594 (1) (445 SE2d 321) (1994).

The record demonstrates that the city intended the Riverway as an extension of the county park. The city built the Riverway in conjunction with the Floyd County Parks and Recreational Authority to provide access to the park and the Oostanaula River. No fee is charged for the use of the Riverway. Although the Riverway is owned by the City of Rome, it is primarily maintained by the county recreational authority. We conclude, based upon these facts, that the Riverway falls under the protection of the RPA and that the trial court properly granted summary judgment to the city. See *City of Tybee Island v. Godinho*, 270 Ga. 567, 569 (511 SE2d 517) (1999) (holding RPA shielded city from liability from sidewalk running between parking lot and beach, which also provided access to city businesses). Compare *Cedeno v. Lockwood, Inc.*, 250 Ga. 799, 800 (301 SE2d 265) (1983) (holding property owner who was in the business of entertainment and provided property to public to further that business interest was not entitled to the protection of the RPA).

And although the Riverway ends in downtown Rome, and thus provides access to the city's businesses, any "indirect financial benefit" the city may derive from this access does not remove the Riverway from the protection of the RPA. See *City of Tybee Island v. Godinho*, 270 Ga. at 569.

2. Because we have found that summary judgment was appropriate under the RPA, we do not reach Julian's remaining argument.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED APRIL 29, 1999.

*John F. McClellan, Jr.,* for appellant.
*Brinson, Askew, Berry, Seigler, Richardson & Davis, Mark M. J. Webb,* for appellee.