### A06A0777. CARROLL v. CITY OF CARROLLTON.
(633 SE2d 591)

BERNES, Judge.

Tracy Carroll appeals from the trial court's grant of summary judgment to the City of Carrollton. The trial court concluded that the Recreational Property Act, OCGA § 51-3-20 et seq. ("RPA") precludes appellant's claims against the City. We agree and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment

as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). See OCGA § 9-11-56 (c).

So viewed, the record reflects that on the afternoon of March 1, 2001, appellant was riding his motorcycle around Lake Carroll located in the City of Carrollton. He had just finished washing and waxing his motorcycle and had decided to take a drive to "dry it off a little bit." As appellant proceeded down North Lake Drive, he rode adjacent to a park, parking area, and open field owned by the City. Volunteers had recently constructed a children's playground on the property, and the City and Carroll County Recreational Department were in the process of constructing a parking lot for use by playground patrons. As a result of recent rain, construction trucks had tracked mud, dirt, and gravel into the roadway near the entrance to the parking lot.

Appellant's motorcycle hit the debris in the roadway and began to slide. In an effort to stay in control of his bike, appellant turned toward the left and traveled onto the City's property. His motorcycle struck a fence made of square posts connected by wire cable, which the City had installed to prevent vehicles from driving onto an open field used by the public to play sports. When appellant's motorcycle struck the fence, it flipped over and landed on top of him, resulting in severe injuries to his hip, pelvis, and lower back.

Appellant subsequently commenced the instant negligence action. He alleged that the City negligently failed to prevent the mud, dirt, and gravel from washing across the roadway. Appellant also alleged that the City was negligent in its construction of the cable fence. Following discovery, the City moved for summary judgment, arguing that the RPA applied to the suit and that, as a result, appellant's claims had to be dismissed because he could not prove a wilful or malicious failure to act by the City. After hearing oral argument from the parties, the trial court ruled that the RPA applied and barred appellant's claims because there was no record evidence of any acts or omissions by the City rising above the level of simple negligence.

"The purpose of the RPA is to encourage property owners to make their property available to the public for recreational purposes by limiting the owners' liability." (Punctuation and footnote omitted.) *Cooley v. City of Carrollton*, 249 Ga. App. 387, 388 (547 SE2d 689) (2001). "The Act applies if the landowner does not charge a fee for admission and if the property is open to the public for recreational

purposes." *Edmondson v. Brooks County Bd. of Ed.*, 205 Ga. App. 662 (423 SE2d 413) (1992). " 'Recreational purpose[s]' include[ ], but [are] not limited to, any of the following or any combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, winter sports, and viewing or enjoying historical, archeological, scenic, or scientific sites." OCGA § 51-3-21 (4). The RPA draws no distinction between whether the property is owned by a private party or governmental entity. *Edmondson*, 205 Ga. App. at 662.

If the RPA applies in a given case, it "shields [the] landowner[ ] from liability arising under a negligence cause of action." (Citations omitted.) *Julian v. City of Rome*, 237 Ga. App. 822, 823 (1) (517 SE2d 79) (1999). Specifically, the landowner

> may not be held liable for personal injuries resulting from unsafe or defective conditions existing on the premises, unless such injuries resulted from willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. OCGA §§ 51-3-23; 51-3-25 (1). See also OCGA § 51-3-22.

(Citation and punctuation omitted.) *South Gwinnett Athletic Assn. v. Nash*, 220 Ga. App. 116, 117 (1) (469 SE2d 276) (1996).

Significantly, appellant does not dispute the trial court's conclusion that the uncontroverted evidence established that the City's property where the fence was located was open to the public, free of charge, and for recreational purposes. Nor does appellant argue that there is any evidence of omissions by the City rising above simple negligence.[1] Nevertheless, appellant contends that summary judgment was inappropriate for two reasons. First, he argues that because his motorcycle accident originated on a public road rather than in the confines of the City recreational area, the RPA should not apply to bar his negligence claims. Second, appellant argues that the RPA should not apply because he never intended to use the City recreational area for "recreational purposes."

We disagree with both contentions. Appellant's first contention is incorrect because "the moment of *injury* is the focus for the trial court in determining the legal applicability of the RPA." (Emphasis supplied.) *Atlanta Committee for the Olympic Games v. Hawthorne*, 278 Ga. 116, 120 (3) (598 SE2d 471) (2004). Cf. *Dowis v. Mud Slinger*

---

[1] Although appellant appears to have raised such an argument in the trial court, he has not raised it on appeal, much less provided any citations to the record or authority to support it. It follows that any potential argument that the City's conduct went beyond simple negligence has been abandoned. See, e.g., *Smith v. Lewis*, 259 Ga. App. 548, 549 (2) (578 SE2d 220) (2003).

*Concrete*, 269 Ga. App. 805, 806 (2) (605 SE2d 615) (2004) (noting that in the choice of law context, the place where "the last act completing the tort" occurs determines what substantive law applies) (citation omitted), aff'd, 279 Ga. 808 (621 SE2d 413) (2005); *Intl. Business Machines Corp. v. Kemp*, 244 Ga. App. 638, 640 (1) (a) (536 SE2d 303) (2000) (pointing out that "tort cases are generally governed by the substantive law of the place where the tort or wrong occurred," which is "the place where the last event occurred necessary to make an actor liable for the alleged tort") (citations and footnote omitted); *Risdon Enterprises v. Colemill Enterprises*, 172 Ga. App. 902, 903 (1) (324 SE2d 738) (1984) (the "last event" refers to "the place where the injury sustained was suffered rather than the place where·the act was committed") (citation and punctuation omitted). Hence, whether the RPA applies in this case hinges on where appellant sustained his injuries, not on where the accident started. And, because it is undisputed that appellant's injuries were sustained when he collided with the cable fence on the City's recreational property, the RPA clearly is applicable.

Appellant's second contention also is incorrect. Application of the RPA does not turn on how the individual plaintiff used or intended to use the recreational property: "[T]he purpose for which the public is permitted on the property does not depend upon an *individual's* use. . . . Under the RPA, the inquiry centers around the purpose for the [property at issue], not the purpose of the individual user." (Citation omitted; emphasis in original.) *Godinho v. City of Tybee Island*, 231 Ga. App. 377, 378 (1) (499 SE2d 389) (1998), rev'd on other grounds, *City of Tybee Island v. Godinho*, 270 Ga. 567 (511 SE2d 517) (1999).[2] "The important criterion is the purpose for which the public is permitted on the property," i.e., whether "the property is open to the public for recreational purposes [free of charge]." (Citation and punctuation omitted.) *Edmondson*, 205 Ga. App. at 662. As such, the central focus is on how the landowner permits the *general public* to use the property; if the landowner "directly or indirectly invites or permits [others] to use the property for recreational purposes" without charge, the owner is afforded the protections of the RPA. (Punctuation and footnote omitted.) *Ga. Dept. of Transp. v. Thompson*, 270 Ga. App. 265, 267 (1) (606 SE2d 323) (2004); *South Gwinnett Athletic Assn.*, 220 Ga. App. at 117 (1).[3] Since it is undisputed on appeal that

---

[2] A rule centered on the individual plaintiff's use of the recreational property would cause landowners substantial uncertainty over when the RPA would apply, thereby undermining the stated purpose of the RPA of "encourag[ing] both public and private landowners to make their property available to the public for recreational purposes." (Citations omitted.) *South Gwinnett Athletic Assn.*, 220 Ga. App. at 117 (1).

[3] The individual plaintiff's use of the property at issue *is* relevant in "mixed use" cases

the City permitted the general public to use the park and open field for recreational purposes without charge, the RPA applies here.

For the foregoing reasons, we conclude that the uncontroverted evidence of record shows that the RPA prevents appellant from recovering from the City based on his allegations of simple negligence. Therefore, the trial court did not err in granting summary judgment to the City.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 27, 2006.

*Timothy J. MacMillan*, for appellant.
*Whalen & Westbury, Andrew J. Whalen III*, for appellee.

---

where the property is allegedly being used for both recreational and commercial purposes. See *Atlanta Committee for the Olympic Games*, 278 Ga. at 117 (1); *Anderson v. Atlanta Committee for the Olympic Games*, 273 Ga. 113, 117 (2) (537 SE2d 345) (2000). See also *Quick v. Stone Mountain Mem. Assn.*, 204 Ga. App. 598, 599 (420 SE2d 36) (1992) (RPA applied when "[a]ppellant's alleged injuries resulted from her general recreational usage of the park premises . . . rather than from the use of any of the facilities for which a fee was charged") (citation and punctuation omitted); *Hogue v. Stone Mountain Mem. Assn.*, 183 Ga. App. 378, 380-381 (2) (358 SE2d 852) (1987) (same). However, as previously noted, appellant does not dispute on appeal that the City's property was purely recreational.