# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 13-0132**   (Marion County 11-F-80)

**George J.,**
**Defendant Below, Petitioner**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner George J., by counsel Kevin Tipton, appeals the January 15, 2013 order of the Circuit Court of Marion County denying petitioner's motion for judgment of acquittal and/or new trial. Respondent State of West Virginia, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner George J. was accused of sexually assaulting his stepdaughter, M.S., over a period of several years, from January of 2006 through May of 2011. M.S. was eleven when the abuse began. On June 6, 2011, petitioner was indicted on ten counts of sexual abuse by a parent, guardian or custodian and ten counts of incest. Prior to his arrest, petitioner was interviewed by Officer Adam Scott of the West Virginia State Police, where he confessed to several acts, including sexual contact with M.S., "rubbing up against her," touching her "all over" including her breasts, and putting his penis in her vagina on at least two occasions. He blamed these actions on a medication he was on at the time.

In March of 2012, petitioner moved to suppress his statements and moved *in limine* to prohibit the mention of petitioner viewing internet pornography. The motion to suppress was eventually denied, and the motion *in limine* was granted. Petitioner was initially tried in April of 2012, but a mistrial was declared after the prosecuting attorney suffered a seizure during trial. Petitioner's second trial began on August 15, 2012. During that trial, petitioner's recorded statement was admitted and published to the jury without any redactions regarding the references to him viewing internet pornography. Petitioner was found guilty of ten counts of sexual abuse by a parent, guardian, or custodian, and two counts of incest. Petitioner was sentenced via order dated January 10, 2013, to ten to twenty years of incarceration on each of the ten counts of sexual abuse by a parent, guardian or custodian, to run consecutively, and five to fifteen years of

1

incarceration on each of the two counts of incest, to run consecutively to one another but concurrently to the other charges. The aggregate sentence was 100 to 200 years of incarceration. Petitioner moved for judgment of acquittal and/or a new trial after the verdict, but these motions were denied without a hearing on January 15, 2013.

With respect to a trial court's denial of a motion for a new trial, this Court has explained:

"'Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.' Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976)." Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.,* 201 W.Va. 624, 499 S.E.2d 846 (1997). Syl. pt. 1, *Lively v. Rufus,* 207 W.Va. 436, 533 S.E.2d 662 (2000).

*State v. White*, 228 W.Va. 530, 536, 722 S.E.2d 566, 572 (2011).

Petitioner's assignments of error all surround the use of his confession at trial. Petitioner first argues that the circuit court erred in denying his motion to suppress and in allowing his confession to be used at trial although it was illegally obtained through the use of threats and implied promises of leniency. He states that he was threatened repeatedly with a polygraph examination during the confession, and that he was promised leniency because the officer noted that "it could be worse, it's not like it's incest." Petitioner contends that this statement implied that he would not be charged with incest although he later was charged with that crime.

This Court has noted as follows:

"When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Moreover,

By employing a two-tier standard, we first review a circuit court's findings of fact when ruling on a motion to suppress evidence under the clearly erroneous standard. Second, we review *de novo* questions of law and the circuit court's ultimate conclusion as to the constitutionality of the law enforcement action. Under the clearly erroneous standard, a circuit court's decision ordinarily will be affirmed unless it is unsupported by substantial evidence; based on an erroneous interpretation of applicable law; or, in light of the entire record, this Court is left with a firm and definite conviction that a mistake has been made. *See State v.*

*Stuart*, 192 W.Va. 428, 452 S.E.2d 886, 891 (1994). When we review the denial of a motion to suppress, we consider the evidence in the light most favorable to the prosecution.

*State v. Lilly*, 194 W.Va. 595, 600, 461 S.E.2d 101, 106 (1995). Upon consideration of the above standard of review, this Court finds no error in the circuit court's denial of petitioner's motion to suppress his statement. Petitioner voluntarily spoke with police, and his confession was not obtained illegally or involuntarily. This Court has stated that

> It is the mandatory duty of a trial court, whether requested or not, to hear the evidence and determine in the first instance, out of the presence of the jury, the voluntariness of an oral or written confession by an accused person prior to admitting the same into evidence.

Syl. Pt. 2, *State v. Black,* 227 W.Va. 297, 708 S.E.2d 491 (2010) (internal citations omitted). Moreover, "[t]he State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." Syl. Pt. 10, *State v. Keesecker,* 222 W.Va. 139, 633 S.E.2d 593 (2008) (citations omitted). "Whether an extrajudicial inculpatory statement is voluntary or the result of coercive police activity is a legal question to be determined from a review of the totality of the circumstances." Syl. Pt. 4, *State v. Jones,* 220 W.Va. 214, 640 S.E.2d 564 (2006) (citations omitted).

> In examining the totality of the circumstances, a court must consider a myriad of factors, including the defendant's age, intelligence, background and experience with the criminal justice system, the purpose and flagrancy of any police misconduct, and the length of the interview. *State v. Sugg,* 193 W.Va. 388, 456 S.E.2d 469 (1995).

*State v. Bradshaw*, 193 W.Va. 519, 527, 457 S.E.2d 456, 464 (1995).

In the present case, it is clear that the confession was voluntary. The interview was only fifty-eight minutes long, only contained one officer, and petitioner understood and responded appropriately. There was no indication of any involvement of drugs or alcohol, or any mental health impairment. At no time did petitioner try to end the interview, and Trooper Scott was not threatening or physically intimidating petitioner. No promises of leniency were given regarding possible criminal charges. This Court has stated that "[r]epresentations or promises made to a defendant by one in authority do not necessarily invalidate a subsequent confession. In determining the voluntariness of a confession, the trial court must assess the totality of all the surrounding circumstances. No one factor is determinative." Syl. Pt. 7, in part, *State v. Farley,* 192 W.Va. 247, 452 S.E.2d 50 (1994). Therefore, we find no error in the denial of the motion to suppress.

Petitioner also argues that the circuit court committed plain and reversible error by permitting the recording of the confession to be admitted although it contained references to a

polygraph examination. Polygraphs are inadmissible in West Virginia; however, this Court has found that:

> Although neither polygraph test results nor the offer or refusal by a defendant to take a polygraph test is admissible in a criminal trial in West Virginia, this Court has recognized that the mere mention of a polygraph, without revealing the results, does not necessarily require the reversal of a criminal conviction. *State v. Beard,* 194 W.Va. 740, 461 S.E.2d 486 (1995).

*State v. Lewis*, 207 W.Va. 544, 548, 534 S.E.2d 740, 744 (2000). Moreover, a mistrial should not be automatically granted when mention of a polygraph is made. *Id.* In this case, there was no error in allowing the mention of a polygraph. First, prior to allowing the jury to hear the recorded confession, a cautionary instruction was given indicating that polygraph results are inadmissible as they are unreliable. Moreover, the jury was told that offers to take a polygraph or refusals to do so are inadmissible. They were also told that the mention of a polygraph was an interrogation technique and should only be considered in determining if the confession was voluntary. The jury was never presented any polygraph results as petitioner never took one. At most the jury heard a vague offer to take one made by petitioner.

Finally, petitioner argues that the court erred in allowing the recorded confession to be played and entered into evidence when it contained accusations concerning internet pornography after the court had already ordered references to internet pornography inadmissible, irrelevant, and prejudicial. However, the record shows that petitioner moved *in limine* for an order prohibiting one of his children from testifying regarding seeing petitioner look at pornography on the internet. That motion was granted. The interview with petitioner was played and contained references to his children seeing him looking at pornography. Petitioner moved for a mistrial, but the court found that the motion *in limine* dealt solely with one of petitioner's children testifying about the internet pornography. Petitioner now argues that all references should have been eliminated pursuant to the granted motion. This Court agrees with the circuit court's finding that the motion was specific and should not be construed broadly in retrospect. Moreover, this Court finds that the references were harmless in this case based on the plethora of evidence against petitioner.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4