73866. HOGUE v. STONE MOUNTAIN MEMORIAL ASSOCIATION.
(358 SE2d 852)

BANKE, Presiding Judge.
Bonnie Hogue sued the Stone Mountain Memorial Association to recover for personal injuries she allegedly sustained when she "stepped off an abrupt, unseen ledge" while walking to a "laser show" on the grounds of Stone Mountain Park. She appeals the grant of Stone Mountain's motion for summary judgment, contending that the trial court erred in concluding as a matter of law that her claim was barred by the Recreational Property Act, OCGA § 51-3-20 et seq. For purposes of this appeal, Mrs. Hogue concedes that her claim is predicated entirely on simple negligence and that, as a consequence, if the trial court was correct in concluding that the Recreational Property Act was applicable, it was also correct in granting Stone Mountain's motion for summary judgment.

In essence, the Recreational Property Act specifies that "an

owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreational purposes" may not be held liable for personal injuries resulting from unsafe or defective conditions existing on the premises, unless such injuries resulted from "willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. . . ." OCGA §§ 51-3-23; 51-3-25 (1). See also OCGA § 51-3-22. " 'Recreational purpose,' includes, but is not limited to, any of the following or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, winter sports, and viewing or enjoying historical, archeological, scenic, or scientific sites." OCGA § 51-3-21 (4).

In reliance on *Stone Mountain Memorial Assn. v. Herrington*, 225 Ga. 746, 747 (171 SE2d 521) (1969), and *Brannon v. Stone Mountain Memorial Assn.*, 165 Ga. App. 120 (299 SE2d 176) (1983), the trial court determined that a fee which the appellant and her husband had been required to pay upon their initial arrival at the park was not an admission fee or a charge for the recreational use of the park property itself but rather a fee for the privilege of bringing their motor vehicle into the park. The appellant contends that *Herrington* and *Brannon* are distinguishable from the present case in that, at the time the trial court ruled on the summary judgment motion in the present case, Stone Mountain had not yet submitted any evidence warranting such a characterization of the fee in question. Additionally, the appellant contends that, regardless of whether an entry fee was or was not charged, a jury would be entitled to find the Recreational Property Act inapplicable based on the "business interests" test set forth in *Cedeno v. Lockwood, Inc.*, 250 Ga. 799 (301 SE2d 265) (1983).

The appellant and her husband had driven to the park from their home in North Carolina in the company of their youngest daughter for the purpose of camping there with an older daughter and her family, who were en route to Texas from Florida. They paid an initial fee of $4.00 upon entering the park, in return for which they received a vehicle sticker which permitted them to exit and re-enter the park without additional charge during their stay there. They also paid a camping fee upon registering at the campground; and, during the course of their 2-day stay at the park, they purchased food, souvenirs, and tickets to such park attractions as the cable car ride, boat ride, and automobile museum. On the evening of what was to be the second and last night of their stay, the family left the park temporarily to dine at a nearby pizza restaurant. Upon their return, they set out on foot from a parking lot to attend the laser show. In the darkness, the appellant stepped off the edge of a concrete slab traversing her pathway and fell, severely fracturing her ankle. *Held*:

1. We must disagree with the appellant's contention that there was no evidence of record at the time the trial court ruled on Stone Mountain's motion for summary judgment to warrant a finding that the initial $4.00 fee paid by the appellant and her husband constituted a motor vehicle fee rather than a fee for the recreational use of the park itself. It is apparent from the deposition testimony of the appellant and her husband that in return for this fee they received a vehicle sticker permitting them to leave and re-enter the park without additional charge. It is further apparent from their testimony that, whereas they had been accompanied only by their younger daughter at the time they paid the fee, various additional family members were subsequently permitted entry into the park as occupants of the vehicle during the course of the weekend, without additional charge.

In the absence of contrary evidence, such testimony leads inescapably to the conclusion that, as was the case in *Herrington* and *Brannon*, supra, what was purchased by the initial $4.00 fee was a permit for the use of a vehicle in the park. It follows that the trial court was authorized to conclude as a matter of law that this fee did not constitute a charge for the recreational use of the parkland itself. The additional fees paid by the appellant and her husband for purchases of such items as a camping permit, food, souvenirs, and tickets to park rides and attractions similarly cannot be considered charges for the recreational use of the parkland itself, it appearing that such general activities as swimming and sightseeing were available to and engaged in by the family without charge.

2. The appellant further contends that even if she was not charged an admission fee the Recreational Property Act may nevertheless be considered inapplicable pursuant to the "business interests" test set forth in *Cedeno v. Lockwood, Inc.*, supra. In that case, the Supreme Court held that an area of buildings, streets, sidewalks, and alleyways located in the City of Atlanta and known as "Underground Atlanta" could not be considered recreational property within the contemplation of the Act because it was made available to the public not for recreational use but as a commercial attraction to promote the sale of food, merchandise, and services by the various business establishments located there. Stone Mountain Park, on the other hand, is operated by a non-profit, public entity created by statute (OCGA § 12-3-191 et seq.) for the limited purpose of acquiring and administering Stone Mountain and the property adjacent thereto "as a Confederate memorial and public recreational area. . . ." OCGA § 12-3-191 (6). We must accordingly deem the park premises to be a public recreation area, notwithstanding the fact that substantial revenues may be derived from the sale of special permits, concessions, and tickets to rides and other attractions located on the premises. Since the appellant's alleged injuries resulted from her general recreational

usage of the park premises, for which no fee was charged, rather than from the use of any of the facilities, rides, or attractions for which a fee was charged, we hold that the trial court was correct in concluding as a matter of law that the provisions of the Recreational Property Act operated to prevent her from recovering from the Stone Mountain Memorial Association based on allegations of simple negligence.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur. Benham, J., dissents.*

BENHAM, Judge, dissenting.

I dissent from the opinion of the majority, which holds the Recreational Property Act ("RPA") (OCGA § 51-3-20 et seq.) applicable to the facts of this case. I focus on the "business interest" exception to the applicability of the RPA, as enunciated in *Cedeno v. Lockwood*, 250 Ga. 799 (2) (301 SE2d 265) (1983). In that case, the Supreme Court held that if the public were invited upon land in furtherance of the owner's business purposes, the RPA "will not shield the owner from liability even though the public receives some recreation as a side benefit." Id. at 802.

I do not quarrel with the fact that appellee was created to administer Stone Mountain Park as a public recreation area. See OCGA § 12-3-191 (6). However, the association was empowered by the same legislation to operate the "project," defined as the "accommodations, utilities, facilities, services, and equipment necessary or convenient, and all property . . . , including franchises and easements, in . . . operating Stone Mountain . . . and property adjacent thereto . . ." Thus, there is a business aspect within the operation of the recreation area, a fact the majority acknowledges with its reference to the "substantial revenues [that] may be derived from the sale of special permits, concessions, and tickets to rides and other attractions located on the premises." Majority opinion at p. 380. I object to the majority's failure to take into consideration the business aspect of the Stone Mountain Memorial Association. Appellant presented evidence that she and her family expended funds within the park to camp, to enjoy various amusement rides, to shop, to eat, and to enter various museums. It is my opinion that appellant's testimony shows that, while there is a recreational benefit to be derived from a visit to Stone Mountain Park, the public is also invited to further the business interests of appellee through the sales of food, merchandise, and services. In light of the evidence of the furtherance of appellee's business interests, I do not believe summary judgment in favor of appellee, based upon the applicability of the RPA, was warranted, and therefore must respectfully dissent.

DECIDED MAY 29, 1987 —
REHEARING DENIED JUNE 19, 1987 —

William H. Smith, Jr., for appellant.
Michael J. Bowers, Attorney General, Daniel M. Formby, J. Robert Coleman, Senior Assistant Attorneys General, Angeline Mathis, for appellee.