## A92A0349. QUICK v. STONE MOUNTAIN MEMORIAL ASSOCIATION.

(420 SE2d 36)

COOPER, Judge.

Appellant appeals from the grant of summary judgment to appellee.

Appellant and her family visited Georgia's Stone Mountain Park to engage in recreational activities. Appellant entered the park in a private vehicle and appellant paid the vehicle parking fee of $4 charged to each vehicle entering the park. After visiting several attractions in the park, including a trail walk, a train ride and a petting farm, appellant and her party attended the laser light show held at the park. There is no admission fee for the laser show. After the show, as appellant was walking back to the parking lot, appellant tripped over some rocks in an unpaved area and fell, injuring her ankle. Appellant filed a suit for personal injury against appellee, and the trial court granted appellee's motion for summary judgment on the basis of the Recreational Property Act (the "Act"), OCGA § 51-3-20 et seq. Appellant contends the trial court's order was in error.

"In essence, the Recreational Property Act specifies that 'an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreational purposes' may not be held liable for personal injuries resulting from unsafe or defective conditions existing on the premises, unless such injuries resulted from 'willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity. . . .' OCGA §§ 51-3-23; 51-3-25 (1). See also OCGA § 51-3-22." *Hogue v. Stone Mountain Mem. Assn.*, 183 Ga. App. 378, 379 (358 SE2d 852) (1987). The purpose of the Act "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes." OCGA § 51-3-20. Appellant first argues that the benefits of the Act should not be extended to appellee because visitors to the park, including appellant, are in fact charged an admission fee to enter the park. This contention has been decided adversely to appellant in *Hogue*, supra at 380. Appellant attempts to distinguish *Hogue* by offering evidence which she contends was not considered by the *Hogue* court. Appellant presented to the trial court evidence of the receipts generated by the park from the vehicle parking fee, and attempted to show from this large amount of money that the fee was something other than a vehicle parking fee. We find this evidence unpersuasive. As in *Hogue*, uncontradicted evidence in the record shows that the $4 fee is charged to each vehicle entering the park regardless of the number of occupants of the vehicle. "It follows that the trial court was authorized to conclude as a matter of law that this fee did

not constitute a charge for the recreational use of the parkland itself." Id. See *Stone Mountain Mem. Assn. v. Herrington*, 225 Ga. 746 (1) (171 SE2d 521) (1969); *Brannon v. Stone Mountain Mem. Assn.*, 165 Ga. App. 120 (299 SE2d 176) (1983).

Appellant next argues that even if an admission fee was not charged, the Act is inapplicable because the park is operated primarily to attract people to the business aspects of the park rather than to the recreational activities. See *Cedeno v. Lockwood, Inc.*, 250 Ga. 799 (2) (301 SE2d 265) (1983). Again, this argument was decided adversely to appellant in *Hogue*, supra. Appellant again argues for a departure from *Hogue* by presenting specific evidence of the total revenues generated by the park and statements from park officials as to the goal of making money from the visitors to the park. Appellant contends that this evidence shows that the park is operated primarily for business purposes. We have reviewed the evidence presented by appellant, and we nevertheless conclude, as did the *Hogue* court, that Stone Mountain Park is a public recreation area, "notwithstanding the fact that substantial revenues may be derived from the sale of special permits, concessions, and tickets to rides and other attractions located on the premises." *Hogue*, supra at 380-381. "[A]ppellant's alleged injuries resulted from her general recreational usage of the park premises, for which no fee was charged, rather than from the use of any of the facilities . . . for which a fee was charged. . . ." Id. Therefore, we determine that as a matter of law the provisions of the Act operate to prevent appellant from recovering from appellee based on allegations of simple negligence.

Appellant further argues that the liability limitations of the Act do not apply in the instant case because appellee wilfully failed to guard or warn against a dangerous condition. See OCGA § 51-3-25 (1). " '(A) wilful failure to guard or warn would require actual knowledge of the owner that its property is being used for recreational purposes; that a condition exists involving an unreasonable risk of death or serious bodily harm; that the condition is not apparent to those using the property; and that having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences. This test excludes either constructive knowledge or a duty to inspect.' " *Georgia Marble Co. v. Warren*, 183 Ga. App. 866 (1) (360 SE2d 286) (1987). Although appellee's officials testified that they were aware of the unpaved area where appellant fell, they stated that they did not consider the area to be unsafe, and they did not feel that any maintenance or repairs were necessary in the area. Appellant stated that she tripped over rocks which were approximately three to four inches in diameter. The area was unpaved and had been covered with wood chips. Park officials stated that they were unaware of any other accidents that had occurred in this area. Even when we construe the

evidence most strongly against appellee and give appellant the benefit of all reasonable doubts and inferences, *Georgia Marble*, supra, we find no evidence to show that a condition involving an unreasonable risk of death or serious bodily harm existed, no evidence to show that the situation was not apparent to users of the property, and no evidence demonstrating that appellee chose not to guard or warn in disregard of possible consequences. " 'A "wilful failure" imports a conscious, knowing, voluntary, intentional failure, a purpose or willingness to make the omission, rather than a mere inadvertent, accidental, involuntary, inattentive, inert, or passive omission.' [Cit.]" *McGruder v. Ga. Power Co.*, 126 Ga. App. 562 (1) (191 SE2d 305) (1972), rev'd on other grounds, 229 Ga. 811 (194 SE2d 440) (1972). Compare *North v. Toco Hills, Inc.*, 160 Ga. App. 116 (286 SE2d 346) (1981) (involved latent danger and knowledge of landowner). Appellant has failed to meet its evidentiary burden, and the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 2, 1992 —
RECONSIDERATION DENIED JUNE 23, 1992 —

*Rand & Ezor, Samuel S. Olens, Richard Kopelman*, for appellant.

*Michael J. Bowers, Attorney General, John B. Ballard, Jr., Ray O. Lerer, Senior Assistant Attorneys General, Janet E. Bradford, Staff Attorney*, for appellee.