A93A0860. MAJESKE et al. v. JEKYLL ISLAND STATE PARK AUTHORITY.
(433 SE2d 304)

BEASLEY, Presiding Judge.

Plaintiffs Carol and William Majeske appeal the award of the summary judgment and dismissal of their complaint in this action against defendant Jekyll Island State Park Authority to recover damages for personal injuries sustained by Mrs. Majeske resulting from a fall on defendant's property.

Summary judgment was awarded on the basis that defendant is relieved from liability as a matter of law under the Recreational Properties Act (RPA), OCGA § 51-3-20 et seq. Plaintiffs claim that defendant is specifically exempted from the liability limitations of the RPA under OCGA § 51-3-25 (2), by virtue of a charge imposed on all motor vehicles entering the island by roadway.[1]

The parties entered into a stipulation of facts as follows: Defendant is in the business of tourism, and it advertises and promotes recreational facilities to attract visitors to Jekyll Island. Persons entering the island by roadway in an automobile are charged $1 per vehicle "parking fee" each time they drive onto the island, regardless of the number of persons traveling in the vehicle or the purpose for which the vehicle is entering the island. No fee is charged persons arriving at the island on foot or by boat, aircraft, non-motorized vehicle, or vehicle not required by law to be registered or operated by a licensed operator.

Plaintiffs rented a private home on Jekyll Island for a vacation. They had entered the island by automobile and paid the $1 fee. Mrs. Majeske was injured while stepping down from a footwalk bridge maintained by defendant as she was returning from a walk along the beach with her husband and friends.

1. The purpose of the RPA "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes." OCGA § 51-3-20. The Act provides that "an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreational purposes," OCGA § 51-3-23, may not be held liable for personal injuries resulting from unsafe or defective conditions existing on the premises. However, any liability which otherwise exists is not limited if the owner imposes a charge for the recreational use of the land. OCGA § 51-3-25 (2); *Stone Mountain Mem. Assn. v. Herrington*, 225 Ga. 746 (1) (171 SE2d 521) (1969). "Charge" is defined in the Act as "the admission price or fee asked in return for invitation or permission to enter or go upon the land." OCGA § 51-3-21 (1).

In *Hogue v. Stone Mountain Mem. Assn.*, 183 Ga. App. 378 (1) (358 SE2d 852) (1987), a specified fee was charged for each vehicle entering Stone Mountain Park regardless of the number of occupants. Such fee was held not to constitute a charge for the recreational use

---

[1] In a previous order, defendant was granted partial summary judgment with respect to plaintiffs' theory of wilful failure to guard or warn against a dangerous condition under OCGA § 51-3-25 (1), but it was denied summary judgment on the admission fee theory. Defendant's subsequent application for interlocutory appeal from that order was denied by this court. *Jekyll Island State Park Auth. v. Majeske*, A92I0243, July 13, 1992.

of the park. Accord *Herrington,* supra; *Quick v. Stone Mountain Mem. Assn.,* 204 Ga. App. 598 (420 SE2d 36) (1992); *Brannon v. Stone Mountain Mem. Assn.,* 165 Ga. App. 120 (299 SE2d 176) (1983).

Plaintiffs attempt to distinguish *Hogue,* supra (and by implication other cases involving Stone Mountain Park) by evidence that upon payment of the parking fee at Stone Mountain, entrants receive a vehicle sticker permitting them to leave and re-enter the park without additional charge, whereas vehicles entering Jekyll Island must pay the fee with each re-entry. However, the undisputed evidence shows that defendant's $1 charge is strictly a vehicle parking fee which is imposed only if entering the property in a licensed, motorized ground vehicle. Accord *Herrington,* supra at 747. The fact that vehicle re-entry is not permitted without additional payment is not evidence that the charge is an admission fee. For the charge to constitute an admission fee it must be established that it is imposed in return for recreational use of the land.

The summary judgment motion was supported by affidavit testimony of defendant's executive director stating that the facilities are open to the general public and no admission fee is charged for any person entering the park. A parking permit fee of $1 is charged for each vehicle entering the park regardless of the number of occupants or the type of vehicle. No fee is charged for persons entering the island by other means. Appellants have offered no counterevidence giving rise to a triable issue. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Appellee was entitled to summary judgment as a matter of law.

2. In reliance on *Cedeno v. Lockwood, Inc.,* 250 Ga. 799 (2) (301 SE2d 265) (1983), plaintiffs assert the RPA is inapplicable because Jekyll Island is operated primarily to further defendant's business interests. This theory was neither enumerated as error nor asserted below in opposition to summary judgment. It will not be considered now for the first time.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 3, 1993 —
RECONSIDERATION DENIED JUNE 18, 1993.

*Fendig, McLemore, Taylor & Whitworth, James B. Durham,* for appellants.

*Michael J. Bowers, Attorney General, Roland F. Matson, John B. Ballard, Jr., Senior Assistant Attorneys General,* for appellee.