S03G1491. ATLANTA COMMITTEE FOR THE OLYMPIC
GAMES, INC. v. HAWTHORNE et al.
S03G1492. ATLANTA COMMITTEE FOR THE OLYMPIC
GAMES, INC. v. ANDERSON et al.
(598 SE2d 471)

HUNSTEIN, Justice.

These appeals involve the Recreational Property Act, OCGA § 51-3-20 et seq. (RPA), which is being raised as a defense by the Atlanta Committee for the Olympic Games (ACOG) in the suit brought by plaintiffs for wrongful death and personal injuries arising out of the bombing in Centennial Olympic Park during the 1996 Olympic Games. In *Anderson v. Atlanta Committee for the Olympic Games*, 273 Ga. 113 (537 SE2d 345) (2000) (*Anderson I*), involving an earlier appearance by these parties before this Court, we recognized that the RPA limits, with certain exceptions, the liability of an owner of land who has made property available without charge to the public for "recreational purposes," id. at 114 (1) (a), and adopted a balancing test to determine when mixed-use property is used for "recreational purposes" so as to come within the RPA. Id. at 116-117 (2). The case was reversed and remanded for the trial court to apply the balancing test in light of our holding in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (setting forth rules for summary adjudication). On remand, the trial court granted ACOG's motion for summary judgment but the Court of Appeals reversed that judgment in *Anderson v.*

*Atlanta Committee for the Olympic Games*, 261 Ga. App. 895 (584 SE2d 16) (2003). We granted ACOG's petition for certiorari to address whether the *Anderson I* balancing test is to be applied by the fact finder or the trial court and whether application of the test is limited to the facts as they existed at the moment of injury. We hold that the balancing test is to be applied by the fact finder and that under the circumstances of this case the fact finder is not limited in its consideration to the facts as they existed at the moment of injury.

1. It is axiomatic that issues of fact are resolved by the fact finder and issues of law are determined by the court. Accord *Wiley v. City of Sparta*, 154 Ga. 1, 23 (4) (114 SE 45) (1922) ("facts are to be submitted to a jury, who have the exclusive right to pass upon them, and matters of law are for the court alone"). See also *Goble v. Louisville & Nashville RR*, 187 Ga. 243, 251 (4) (200 SE 259) (1938) (the definition and limitation of a defense is a question of law for the court; the existence or non-existence of facts on which the defense is predicated is a question for the jury). Accordingly, whether the RPA applies to limit the liability of the owner[1] of a certain property at a certain time is a question of law for the trial court. However, determination of " 'the purpose for which the public [was] permitted on the property,' " *Anderson I*, supra, 273 Ga. at 116, involves the examination and weighing of evidence in those instances in which there exist both commercial and recreational aspects to the property in issue. Where that evidence conflicts regarding the purpose of the property, it is for the fact finder to resolve the conflict. Accord *Silingo v. Village of Mukwonago*, 458 NW2d 379, 383 (Wis. App. 1990).

Even where there is no factual dispute over the recreational and commercial activities that exist on the property, the nature and extent of the mixed uses of the property may nevertheless raise a jury question about the owner's *purpose* for "directly or indirectly invit-[ing] or permit[ting] without charge any person to use the property." OCGA § 51-3-23. The owner's ipse dixit regarding the purpose for making the property available free of charge is an important factor. See generally *Urban v. Grasser*, 627 NW2d 511, 517 (II) (Wis. 2001); *Lonergan v. May*, 53 SW3d 122, 131 (Mo. App. 2001). However, it is no more controlling than the user's subjective assessment of the activity, see *Anderson I*, supra, 273 Ga. at 117 (2),[2] in those cases where a fact question regarding the owner's purpose is created by objective evidence, such as proof that the owner knowingly obtained, directly or indirectly, financial benefits for the purpose of pecuniary gain from

---

[1] See OCGA § 51-3-21 (3), which defines "owner" as used in the RPA.

[2] The user's subjective assessment is of particular importance where an issue is presented whether the user entered onto the property for recreational purposes.

business interests on the property as a result of its decision to invite or permit the public without charge to enter the property. See Division 2, infra. It is axiomatic that summary adjudication of this issue is appropriate only in "plain and palpable cases where 'reasonable minds cannot differ as to the conclusion to be reached.' [Cit.]" *Lau's Corp.*, supra, 261 Ga. at 493 (2).[3]

After reviewing the evidence in the instant case, the Court of Appeals concluded that there remain "material issues of fact as to whether the Park was a commercial or a recreational venture" (footnote omitted) and that a jury must resolve the fact question "whether the nature of the Park . . . was commercial or recreational." *Anderson*, supra, 261 Ga. App. at 899 (1). Given that factual finding,[4] we consider the more pertinent issue for jury resolution to be whether ACOG directly or indirectly invited or permitted without charge any person to use the property for *recreational* purposes, OCGA § 51-3-23, in light of any relevant evidence that may be adduced that ACOG's purpose in allowing the public free of charge on the locus delicti was to derive, directly or indirectly, a financial benefit for pecuniary gain from business interests thereon. Resolution of this issue is to be made by the jury applying the *Anderson I* balancing test, which calls upon the fact finder to take the totality of the circumstances into consideration. See *Auman v. School District of Stanley-Boyd*, 635 NW2d 762, 767 (Wis. 2001). As the Court of Appeals correctly recognized, upon the jury's resolution of the factual conflict here, it is for the trial court to apply the jury's holding and determine as a matter of law whether or not the RPA applies to limit ACOG's liability. *Anderson*, supra, 261 Ga. App. at 899 (1).

2. We also granted certiorari to address the propriety of limitations on the evidence the jury considers in performing the balancing test. In *Anderson I* we recognized the difficulties that arise in those instances where a property's commercial and recreational aspects are closely intertwined. The balancing test was adopted to assist the fact finder in assessing in mixed-use properties the owner's true purpose for making the locus delecti available free of charge to the public by requiring that the fact finder examine *all* relevant social and economic aspects of the activity. Id., 273 Ga. at 117. The scope of evidence the fact finder will need to consider in order to conduct the *Anderson I* balancing test will necessarily vary in each instance. We agree with the Wisconsin Supreme Court that "each recreational immunity case

---

[3] To the extent prior cases may indicate that summary adjudication is appropriate in such instances, they are disapproved. See, e.g., *City of Tybee Island v. Godinho*, 270 Ga. 567 (511 SE2d 517) (1999); *Cedeno v. Lockwood, Inc.*, 250 Ga. 799 (301 SE2d 265) (1983).

[4] We did not grant ACOG's petition for certiorari to review the Court of Appeals' factual finding. See Supreme Court Rule 40 (1).

poses an intensely fact-driven inquiry." (Footnote omitted.) *Auman*, supra, 635 NW2d at 767. Thus, in RPA cases, as in negligence cases, because " 'it is impossible to prescribe definite rules in advance for every combination of circumstances that may arise, the details [regarding a certain property's purpose] must be filled in each particular case.' [Cits.]" *Lau's Corp.*, supra, 261 Ga. at 493 (2).

Accordingly, in the course of determining the purpose for which the public is permitted free of charge on the property, the scope of the evidence appropriate for consideration by the fact finder may be limited in some instances and expanded in others. For example, in situations where the owner operates a commercial enterprise on the locus delicti on week days during work hours but makes the property available free of charge to the public at other times, it may be appropriate to limit the fact finder's consideration to the owner's purpose as of the time of injury. See *Edmondson v. Brooks County Bd. of Ed.*, 205 Ga. App. 662 (423 SE2d 413) (1992) (RPA applicable to school property where playground accessible to public without charge for recreational purpose during non-school hours). See also *Saari v. Winter Sports, Inc.*, 64 P3d 1038 (Mont. 2003); *Scrapchansky v. Town of Plainfield*, 627 A2d 1329 (I) (Conn. 1993). The same consideration applies to the scope of evidence regarding the owner's pecuniary interest in the property. The circumstances may require the fact finder to consider the owner's financial arrangements with commercial interests that are present both on and off the locus delicti in order to determine whether the property was made available free of charge to the public for recreational purposes.[5] E.g., *City of Tybee Island v. Godinho*, 270 Ga. 567 (511 SE2d 517) (1999); *Cedeno v. Lockwood, Inc.*, 250 Ga. 799 (2) (301 SE2d 265) (1983); *Hogue v. Stone Mtn. Mem. Assn.*, 183 Ga. App. 378 (358 SE2d 852) (1987).

Evidence that is relevant and material to the fact finder's inquiry in mixed-use cases must serve to explain or otherwise elucidate the owner's purpose in making the locus delicti available free of charge to the public. Evidence of commercial activity must have some "profit-related nexus to the admitted public's presence upon the premises or

---

[5] In this regard we reiterate that

an owner's profit motive does not necessarily create a reasonable inference that the event is commercial rather than recreational in nature. Rather, it is the purpose for which the owner earned the profits. For example, profits earned that are used to pay for property maintenance or public services are "not profits in the ordinary commercial sense of the word." [Cit.]

*Anderson I*, supra, 273 Ga. at 116. Furthermore, a property is not outside the protection of the RPA when the property owner does not seek to make a profit from the use of the property and the owner receives only an indirect or de minimis financial benefit from the property. *City of Tybee Island v. Godinho*, supra, 270 Ga. at 569.

with its free use of the locus delicti." (Footnote and emphasis omitted.) *Hughey v. Grand River Dam Auth.*, 897 P2d 1138, 1143 (III) (Okl. 1995). See also *Hendrickson v. Ga. Power Co.*, 240 F3d 966 (IV) (B) (11th Cir. 2001) (applying *Anderson I*); *Quick v. Stone Mtn. Mem. Assn.*, 204 Ga. App. 598 (420 SE2d 36) (1992); *Hogue*, supra, 183 Ga. App. at 380 (1). Thus, in the case at bar, evidence that ACOG derived financial benefits for pecuniary gain from businesses occupying the Park or that those businesses "gained untold advertising and promotional value due to their conspicuous presence in the Park," *Anderson*, supra, 261 Ga. App. at 898, is relevant and admissible only to the extent it may show that ACOG made the locus delicti available free of charge to the public for the purpose of "conducting or allowing in the locus in quo a for-profit activity intended to involve the invited public." (Emphasis omitted.) *Hughey*, supra at 1143, fn. 16.

3. In reversing the grant of summary judgment in this case, the Court of Appeals expressly considered "the social and economic aspects of the Park as it existed during the Olympics, and most pertinently, on the date the bomb exploded in the Park." *Anderson*, supra, 261 Ga. App. at 898. However, in its directions on remand the court stated that the jury was to resolve the factual conflict between the recreational and commercial nature of the Park by looking to "the time of the explosion." Id. at 899 (1). While the moment of injury is the focus for the trial court in determining the legal applicability of the RPA, the fact finder's role in resolving factual disputes over the property owner's purpose in making the property available free of charge to the public may require consideration of a larger time frame. Thus, we do not agree with the Court of Appeals that it is appropriate under the facts in this case to limit the jury's consideration to the "time of the explosion." Rather, we agree with ACOG that upon remand of this case the jury may consider evidence of ACOG's purpose in regard to the locus delicti as demonstrated before, during and after the bombing *to the extent* that evidence may help the jury to determine the purpose why the public was allowed free of charge into the Park "as it existed during the Olympics, and most pertinently, on the date the bomb exploded in the Park." Id. The admissibility of relevant evidence proffered for this purpose rests within the sound discretion of the trial court. See generally *Martin v. Williams*, 215 Ga. App. 649 (3) (451 SE2d 822) (1994); see also *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854 (2) (567 SE2d 24) (2002) (discovery of admissible evidence).

*Judgment affirmed. All the Justices concur.*

Decided June 28, 2004.

*Hawkins & Parnell, T. Ryan Mock, Jr., King & Spalding, Dwight J. Davis*, for Atlanta Committee for the Olympic Games, Inc.

*Bauer & Deitch, Gilbert H. Deitch, Slappey & Sadd, James N. Sadd, Garland, Samuel & Loeb, Robin N. Loeb, Taylor, Harp & Callier, Jefferson C. Callier, Gregory, Christy, Maniklal & Dennis, Hardy Gregory, Jr., Thornton & Leff, Guerry R. Thornton, Jr., Clifford J. Steele, James W. Howard, Sharon E. Howard, Lanham & McGehee, Clark H. McGehee, Johnson & Ward, Bruce A. Maxwell, Christopher N. Smith, Baum & McGahren, Matthew F. McGahren, Weinstock & Scavo, Andrew J. Coomes*, for Hawthorne and Anderson et al.